## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **LISA HAYNES-RIVERA**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:22-cv-072** |
| **THE CITY OF CAPE CORAL, FLORIDA**, | **Judge:** |
| Defendant. | **Mag. Judge:** |

## COMPLAINT

**NOW COMES** the Plaintiff, **LISA HAYNES-RIVERA** ("Haynes-Rivera" or "Plaintiff"), by and through undersigned counsel, and brings this action against **THE CITY OF CAPE CORAL, FLORIDA** ("CITY" or "Defendant") under the Family & Medical Leave Act (FMLA), and states the following for his Complaint:

## INTRODUCTION

1.      This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

3.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

## PARTIES

4.      Plaintiff, **LISA HAYNES-RIVERA** ("**HAYNES-RIVERA**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant.

5.      Defendant, **CITY** is a Florida municipal corporation in Lee County, Florida and employed **HAYNES-RIVERA**.

## GENERAL ALLEGATIONS

6.      **HAYNES-RIVERA** began her employment with the Defendant in November, 2002, and was employed as a customer service representative.

7.      **HAYNES-RIVERA** performed her assigned duties in a professional manner and was very well qualified for her position.

8.      Beginning in or about 2008, **HAYNES-RIVERA** began suffering from fibromyalgia and migraines, which is a serious health condition under the FMLA.

9.      At that time, she began utilizing intermittent FMLA leave, which she took right up until her termination in December 2021.

10.     An employee seeking intermittent leave under the FMLA need only establish her eligibility at one point in time, namely immediately before the first absence taken as part of the intermittent leave. That date is "the date leave commences," 29 C.F.R. § 825.110(d), and thus the only date on which the employee must establish that she worked at least 1,250 hours during the preceding twelve-month period. *See* 29 C.F.R. § 825.110(a)(2) (stating that the employee must have worked 1,250 hours "during the 12-month period immediately preceding the commencement of the leave").

11.     In September 2021, **HAYNES-RIVERA** reapplied for intermittent FMLA leave, which was approved since she had worked more than 1,250 hours in the preceding 12-months. She continued utilizing intermittent FMLA leave as necessary.

12.     However, as **HAYNES-RIVERA's** serious health condition worsened and she began requiring more frequent intermittent FMLA leave, the Defendant began to voice its displeasure with her "excessive absences," even though the absences were protected under the FMLA.

13.     Because of her use of intermittent FMLA leave, the Defendant sought to terminate **HAYNES-RIVERA** and deny **HAYNES-RIVERA** her rights under the FMLA.

14.     To accomplish this, the Defendant took the position that when **HAYNES-RIVERA's** use of intermittent FMLA leave caused her to dip below

having worked 1,250 hours in the preceding, rolling 12-month period, it could terminate her employment.

15.     Because all of the leave **HAYNES-RIVERA** took subsequent to September 2021 was for the same medical purpose, subject to the same notice, and within the same 12-month period, she was an eligible employee for all absences after that date, and thus they were all covered by the FMLA.

16.     Nevertheless, the Defendant terminated **HAYNES-RIVERA** on December 29, 2021 for what it called her "excessive absences" that it claimed were unprotected under the FMLA because her intermittent leave caused her to not work 1,250 hours in the preceding 12-months, which is a violation of **HAYNES-RIVERA's** FMLA rights as discussed above.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

17.     The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

18.     **HAYNES-RIVERA** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health condition, **HAYNES-RIVERA** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

19.    **HAYNES-RIVERA** informed the Defendant of her need for intermittent leave for her serious health condition.

20.    The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

21.    If the Defendant were to have decided that **HAYNES-RIVERA**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

22.    The Defendant provided **HAYNES-RIVERA** with a notice approving her request for intermittent FMLA leave, but in the midst of the leave sent her a notice disqualifying her from utilizing further FMLA leave.

23.    In fact, the Defendant should have determined that **HAYNES-RIVERA** was eligible for leave under the FMLA and yet refused to allow her to utilize leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

24.    **HAYNES-RIVERA** engaged in activity protected by the FMLA when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

25. The Defendant knew, or should have known, that **HAYNES-RIVERA** was exercising her rights under the FMLA and was aware of **HAYNES-RIVERA's** need for FMLA-protected absence.

26. **HAYNES-RIVERA** complied with all of the notice and due diligence requirements of the FMLA.

27. The Defendant was obligated, but failed, to allow **HAYNES-RIVERA** to take FMLA leave and to return **HAYNES-RIVERA**, an employee who requested FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

28. A causal connection exists between **HAYNES-RIVERA**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **HAYNES-RIVERA** a benefit to which she was entitled under the FMLA.

29. As a result of the above-described violations of FMLA, **HAYNES-RIVERA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other

legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

30.     The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

31.     **HAYNES-RIVERA** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health condition, **HAYNES-RIVERA** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

32.     **HAYNES-RIVERA** informed the Defendant of her need for intermittent leave for her serious health condition.

33.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

34.     If the Defendant were to have decided that **HAYNES-RIVERA's** absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

35.     The Defendant provided **HAYNES-RIVERA** with a notice approving her request for intermittent FMLA leave, but in the midst of the leave sent her a notice disqualifying her from utilizing further FMLA leave.

36.     In fact, the Defendant should have determined that **HAYNES-RIVERA** was eligible for leave under the FMLA and yet refused to allow her to utilize leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

37.     **HAYNES-RIVERA** engaged in activity protected by the FMLA when she requested leave due to her serious health conditions, consistently informing the Defendant of the same.

38.     The Defendant knew, or should have known, that **HAYNES-RIVERA** was exercising her rights under the FMLA and was aware of **HAYNES-RIVERA's** need for FMLA-protected absence.

39.     **HAYNES-RIVERA** complied with all of the notice and due diligence requirements of the FMLA.

40.     The Defendant was obligated, but failed, to allow **HAYNES-RIVERA** to take FMLA leave and to return **HAYNES-RIVERA**, an employee who requested FMLA leave, to her former position or an equivalent position with the same pay,

8

benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

41.   A causal connection exists between **HAYNES-RIVERA**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **HAYNES-RIVERA** a benefit to which she was entitled under the FMLA.

42.   The Defendant retaliated by altering the terms and conditions of **HAYNES-RIVERA's** employment by terminating **HAYNES-RIVERA's** employment because she engaged in the statutorily protected activity of requesting and taking intermittent FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

43.   As a result of the above-described violations of FMLA, **HAYNES-RIVERA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LISA HAYNES-RIVERA**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: February 3, 2022          **/s/ Benjamin H. Yormak**
                                 Benjamin H. Yormak
                                 Florida Bar Number 71272
                                 Lead Counsel for Plaintiff
                                 YORMAK EMPLOYMENT & DISABILITY LAW
                                 27200 Riverview Center Blvd., Suite 109
                                 Bonita Springs, Florida 34134
                                 Telephone: (239) 985-9691
                                 Fax: (239) 288-2534
                                 Email: byormak@yormaklaw.com